On the Merits.
Watkins, J.
Mrs. Bettie Allen, as a third person, not a party to the original proceedings, is appellant from a judgment in the District Court between other persons, alleging that she has an interest in the matter in dispute adversely to their claims and pretensions therein.
This ease was before us on the motion to dismiss the appeal on the part of Mrs. Nellie ITouchins; and same was examined by this court, and the application denied.
That motion proceeded mainly upon the theory “that the record as made up in the district court does not disclose any interest of appellant herein, but, on the contrary, shows that she has no such interest,” etc.
Since our opinion was handed down, declining to dismiss the appeal, Mrs. Nellie Houehins has filed an answer to the appeal, praying the affirmance of the judgment appealed from, and that ‘the appellant be condemned to pay ten per cent, upon the amount of the judgment appealed from as damages for a frivolous appeal. The matter in controversy is the distribution of the proceeds and avails of a life insurance policy among certain persons claiming distributive portions thereof— same being the sum of ten thousand dollars which is due by the Mutual Life Insurance Company upon a policy of insurance on the life of Lorenzo S. Greene, and in favor of Mrs. Sarah R. Greene, his wife, her heirs, executors and assigns.
Alleging the issuance of the policy on June 6th, 1855, for the sum of ten thousand dollars on the life of Lorenzo S. Greene, and his death on July 1, 1898, the Mutual Life Insurance Company filed in court a petition of interpleader, in which it is stated that the beneficiary, Mrs. *1142 Sarah R. Greene, departed this life on February 8th, 1886, leaving as her surviving children, the following persons, to-wit:
1st. Mrs. Bettie Allen;
2nd. Mrs. Sallie G. Cragin;
3rd. Robert W. Greene.
That on June 9th, 1886, the said Mrs. Bettie Allen transferred and assigned to Mrs. Nellie Houchins, all her right, title and interest in and to the said policy of insurance; and that on April 4,1881, the said Robert W. Greene, likewise assigned, transferred and conveyed to the said Mrs. Nellie Houchins all his right, title and interest in and to said policy of insurance; and that petitioner received due notice of the said two transfers and conveyances, and filed same therewith as part thereof.
Petitioner further admits its liability for the amount of said policy, and that same is due and exigible; and that it is willing and desirous of paying 'the amount of said policy to whomsoever may be entitled to receive the same.
The petition further alleges, that conflicting claims by parties setting up rights to the different portions of the said sum, have been made to your petitioner, who is unwilling to assume the burden and responsibility of deciding the differences which have arisen — stating the respective claims of Mrs. Nellie Houchins, Mrs. Sallie G. Ozagm and Walter S. Collins. The statement is made that Mrs. Houchins claims under and by virtue of the two aforesaid assignments, the amount of two-thirds of said policy as a beneficiary thereof; and, also, the right to be paid out of the fund, before any division thereof shall be made between the parties entitled to share therein, the sum of twenty-one hundred dollars, or thereabouts, as the amount of premiums she had paid upon the policy from the 6th of Juzze, 1886, to the date of the death of Lorenzo S. Greene, with legal interest thereon from the date of the respective payments of premiums made.
It is further stated that Mrs. Cragin claims one-third of said fund as a beneficiary thereof; and that Walter S. Collins claims one-fourth of the amount of said policy, he being the issue of Mrs. Alice Greene, wife of W. S. Collins, and issue of the said Lorenzo S. Greene, and his wife, Mrs. Sarah R. Greene — said Mrs. Collins having died prior to the death of her father and mother and entitled to one-fourth of the policy, as a grandchild.
*1143 Upon, these averments, the prayer of plaintiffs petition is, that a judgment be rendered fixing and establishing the rights of the respective claimants upon said fund, after due enquiry.
The object of thp foregoing proceeding evidently was, that a judgment be rendered fixing the rights of parties, so that the money could be distributed among them legally and equitably, and thereby save the company from risk or responsibility.
All the parties named were cited, and appeared and answered, stating their respective claims; and' upon the trial and introduction of evidence, a judgment was rendered decreeing that Mrs. Nellie Houehins is entitled to take first out of the amount of the policy $2727.28, being the amount of premiums paid by her with interest added; and decreeing her entitled to one-half of the residuum, that is to say, $3636.36; that Walter Collins is entitled to one-fourth of the said residuum, that is, $1818.18 • and that Mrs. Sallie G. Oragin is entitled to one-fourth of said residuum, that is, $1818.18.
The petition of the appellant for appeal, contains the following statement as the foundation of her right, to-wit:—
“That the policy of life insurance, the distribution of the proceeds of which is the subject-matter of this suit, and of the judgment rendered by this honorable court, was payable to Mrs. Sarah Greene, the wife of the assured, or in the event of her death prior to the decease of the assured, then to her children.
“That the said Mrs. Sarah R. Greene died on February 8th, 1886, prior to the death of the assured, leaving as her surviving children the following:
“1st. Mrs. Sallie G. Cragin;
“2nd. Robert W. Greene;
“3rd. Tour petitioner, and
“4th. Walter C. Collins, a grandchild, son of a predeceased daughter of the said Mrs. Sarah R. Greene.
“That Lorenzo S. Greene, the assured, died on the 1st day of July, 1898. That your petitioner, thereupon, became entitled to the one-fourth of the net proceeds of the said policy.
“Now, your petitioner shows, that in this proceeding instituted by the Mutual Life Insurance Company, to which your petitioner was not made a party, this honorable court has decreed that Mrs. Nellie Houehins is entitled to petitioner’s share of the proceeds of the said policy, under and by virtue of a pretended transfer and assignment by *1144 petitioner -to the said Mrs. Nellie Houchins, executed on the 9th day of June, 1886; whereas in truth and in fact, as will fully appear from ■ an inspection of the written instrument evidencing the said pretended transfer and assignment, and of the evidence adduced at the trial of this cause, which has been filed and .is part of the record hereof, the said pretended transfer and assignment by petitioner to the said Mrs. Nellie Houchins is'absolutely null and void, for the following reasons, to-wit: '
“1st. Because, from said instrument and evidence, it appears that the said pretended transfer and assignment was made by petitioner without any consideration; was in fact intended as a donation; and was not executed in a manner and form required by law to give validity to such a donation.
“2nd. Because, in the execution of the said pretended transfer and assignment, petitioner was not authorized by her husband, who was then living.
“Petitioner further shows that all of the allegations of fact herein-above contained fully appear in the record of this cause, that petitioner is, therefore, aggrieved by the judgment hereinbefore rendered by 'this honorable court, and desires to appeal suspensively therefrom.”
The prayer of the petition conforms to the foregoing averments.
The written assignment to which appellant’s petition refers, and under which Mrs. Nellie Houchins claims as beneficiary, is brief, and of the following tenor, to-wit’:
“State of Louisiana. :
“Parish of Lafourche. :
“Be It Known, That I, Mrs. Bettie Allen, of the State and parish aforesaid, do hereby transfer and convey to Mrs. Nellie Houchins of the same State and parish, all of my right, title, claim and interest in and to policy No. 14702, issued by the Mutual Life Insurance Company of New York, on the life of Lorenzo S. Greene in favor of Mrs. Sarah R. Greene (now deceased) as the beneficiary named therein for the sum of ten thousand dollars ($10,000.00) and dated the 6th day of June, 1855.
“This transfer is absolute and unconditional, and is intended to vest in the said Mrs. Nellie Houchins all of my interest in the said policy No. 14702.
*1145 “Done at Rienzi Plantation in the State and parish aforesaid, this the 9th day of June, 1886, and signed in duplicate.
“Bettie Allen."
“Witness: F. W. Smith."
From the foregoing instrument it appears that no consideration for the said transfer was expressed therein; and that Mrs. Bettie Allen’s husband did not sign as authorizing her sig'nature.
Our attention has been attracted to the following paragraph selected from the testimony of Mrs. Nellie Houchins as a witness in her own behalf, upon cross-interrogation by counsel for Walter Collins, to-wit:
“Q. — What was the consideration of the transfer by Mrs. Bettie Allen for her interest in this policy ? ■
“A. — There was no consideration.
“Q. — Wasn’t it understood and agreed between you and Mrs. Allen at the time the transfer was made, that you would pay the premiums on the whole policy for everybody’s interest in it?
“A. — It certainly was not.”
There is no other evidence, nor any statement tending to establish any consideration whatever for the assignment by the defendant, Mrs. Houchins. ‘
Counsel for the appellant take the position that under the evidence contained in the record of the proceeds of which all parties in interest were entitled to avail themselves, she is entitled to one-fourth of the proceeds of the policy, unless she has disposed of her interest; and he relies upon the fact (1) that the assignment states no consideration; (2) that Mrs. Houchins expressly declared that it had no consideration; and (3) that as a donation, it was void for want of form, as it was under private signature, and not evidenced by a notarial act. R. C. C. 1536.
Counsel submit that the precise question under consideration was considered and determined by this court in the case of Lambert vs. Penn Mutual Insurance Company, 50th Ann., 1036 — that case being a stronger one in support of the donation than the instrument under consideration, for the reason that it stated that it was made “for a valuable consideration, but shown to be without consideration by evidence dehors the instrument.
Counsel makes the following extract from the opinion of 'the court in the ease cited, to-wit:
*1146 “The conclusion we announce on this subject is that a donation made in the form of an onerous contract — that is to say an onerous contract which is not such because without consideration, and really intended as a donation in disguise — to have effect as a donation must be passed' before a notary and two witnesses.”
And, thereupon, counsel submit that “by the plain terms of Article 1536 of the Code, this assignment was null ab initio, and its nullity may be invoked at any time.”
The instant case appears by comparison to be an exact parallel to that of Lambert vs. Insurance Company, cited supra; and for the reasons therein assigned and the authorities therein cited, the judgment appealed from must be annulled, in so far as it decrees the proceeds and avails of the life insurance policy in question to Mrs. Houehins under and by virtue of the assignment made by the appellant.
But inasmuch as it appears from the record as well as from the recitals in this opinion that a contradictory decision was not rendered on the issues herein presented in the district court, we think it but just and right that the case should be remanded in its present condition, with instructions to the district judge to hear any evidence which any or all parties may introduce as appertaining to the decision herein rendered — to the end that no injustice may be done; and render judgment accordingly.
It is, therefore, ordered and decreed that the judgment of the district court remain undisturbed in all respects except as to the distributive share of the fund in controversy which is claimed by the appellant, Mrs. Bettie Allen — -it being the sum of $1818.18; and it is further ordered and decreed that in réspect to that sum or interest, the judgment appealed from be annulled, and the cause remanded to the court a qua for the purpose of enabling the parties in interest to have their rights contradictorily heard and determined.
It is finally ordered and decreed that the costs of appeal be taxed against the appellee, Mrs. Nellie Houehins, and that all other costs await final judgment in the premises.
On Application for Modification of Decree.
Blanchard, T.
The decree heretofore handed down reversed in part the judgment appealed from and remanded the cause to enable the parties in interest, as to that part of the judgment, to have their rights contradictorily heard and determined.
*1147 A modification of this decree is now asked by Mrs. Nellie Iiouchins, appellee, so as to reserve to her all defences and grounds of resistence which may be available to her, either in law or fact, against the grounds of nullity set up, or to be set up, against the validity of the assignment of the policy made by Mrs. Bettie Allen.
While it is considered that this special reservation is unnecessary and that Mrs. Ilouchins’ full rights of defense against the demand of Mrs. Allen exist by the terms of, and necessary implication from, the decree as adopted, nevertheless it is now ordered that the modifications prayed for be allowed and that all the rights of defense and grounds of resistence which may be available to her be reserved to Mrs. Houehins. v
Rehearing refused.